# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1689 | **DATE** | 10/25/2000 |
| **CASE TITLE** | Medeva Pharmaceuticals vs. Morton Grove Pharmaceuticals | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. For the reason stated in this memorandum order, plaintiffs' filing (Rule 26 expert disclosure) is stricken from the court file. To implement this order, the Clerk's Office is ordered to return the notice of filing and the documents themselves to plaintiffs' counsel.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 26 2000 | |
| | Notified counsel by telephone. | | date docketed | 30 |
| | Docketing to mail notices. | ED-7 FILED FOR DOCKETING 00 OCT 25 PM 4:12 | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 10/25/2000 date mailed notice | |
| SN | courtroom deputy's initials | | SN mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MEDEVA PHARMACEUTICALS )
MANUFACTURING, INC., et al., )
)
Plaintiffs, )
)
v. ) No. 00 C 1689
)
MORTON GROVE PHARMACEUTICALS, INC., )
)
Defendant. )

DOCKETED
OCT 20

MEMORANDUM ORDER

This District Court's LR 26.3 expressly forbids the filing of discovery materials in the absence of a court order--and it just as expressly includes "disclosure of expert testimony" within that prohibition. Moreover, it is not as though the cited prohibition was newly inserted last year as part of this District Court's compliance with the Judicial Conference mandate that all local rules of District Courts everywhere be renumbered to synchronize with the corresponding Federal Rules of Civil or Criminal Procedure: That same prohibition had been part of this District Court's previously existing General Rule 18 for many years.

Despite that long-standing prohibition, on October 20 plaintiffs' counsel filed with the Clerk of Court its Rule 26 Expert Disclosure without seeking leave of court (which would have been denied if it <u>had</u> been sought). This Court normally prefers, where lawyers have been involved in careless procedural errors, simply to issue sua sponte orders of this type to call

the matter to counsel's attention, treating that minor burden as something that goes with the territory. But here this Court is constrained to note that it has been conscious for a number of years that plaintiffs' law firm, Cassiday, Schade & Gloor, is one of the most frequent offenders in such respects, exhibiting either an unawareness of or a blithe inattention to a number of fundamental requirements that are incumbent on federal practitioners. For that reason this memorandum order has taken the unusual step of naming the offender, rather than following this Court's regular practice of preserving anonymity even while correcting mistakes that should not have been made.[1]

For the reason stated in this memorandum order, plaintiffs' filing is stricken from the court file. To implement this order, the Clerk's Office is ordered to return the notice of filing and the documents themselves to plaintiffs' counsel.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 25, 2000

---

[1] There is no reason that counsel's clients should bear even the minimal cost of preparing the paperwork and any related out-of-pocket expenses. Accordingly counsel are ordered to make no such charges and to send the clients a letter to that effect, with a copy to be transmitted to this Court (purely for information, of course, not for filing).

2